# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JOHN P. MIDDLETON

*Plaintiff-Appellant,*

v.

THE HOLLYWOOD REPORTER, LLC, GARY BAUM, and ROY LEE

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Southern District of Florida
No. 1:22-cv-21951-JEM

## APPELLANT'S INITIAL BRIEF

**LALCHANDANI SIMON PL**
Kubs Lalchandani, Esq.
Daniel E. Davis, Esq.
Bibiana Pesant, Esq.
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
Tel: (305) 999-5291
Fax: (305) 671-9282
*kubs@lslawpl.com*
*ddavis@lslawpl.com*
*bibiana@lslawpl.com*

**SALZANO ETTINGER LAMPERT & WILSON, LLP**
Brady Williamson, Esq.
104 W 40th Street, 14th Floor
New York, New York
Tel: (212) 375-6746
Fax: (646) 365-3119
*bwilliamson@selwlaw.com*

Counsel for Plaintiff-Appellant John P. Middleton.

November 17, 2023

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Baum, Gary, Defendant-Appellee

Becerra, Jacqueline, Magistrate Judge, United States District Court for the Southern District of Florida

Bird Marella PC, Counsel for Defendant-Appellee Roy Lee

Clare Locke LLP, Former Counsel for Plaintiff-Appellant

Davis, Daniel E., Counsel for Plaintiff-Appellant

Ede, Jered T., Former Counsel for Plaintiff-Appellant

Fugate, Rachel E., Counsel for Defendants-Appellees The Hollywood Reporter, LLC and Gary Baum

Gordon, Jason, Former Counsel for Plaintiff-Appellant

Kim, Jay, Counsel for Defendant-Appellee Roy Lee

Kim Vaughan Lerner LLP, Counsel for Defendant-Appellee Roy Lee

Lalchandani, Kubs, Counsel for Plaintiff-Appellant

Lalchandani Simon PL, Counsel for Plaintiff-Appellant

Law Offices of Jason Gordon, P.A., Former Counsel for Plaintiff-Appellant

Lee, Jumin, Counsel for Defendant-Appellee Roy Lee

Lee, Roy, Defendant-Appellee

Lovelady, Allison S., Counsel for Defendants-Appellees The Hollywood Reporter, LLC and Gary Baum

Martinez, Jose E., Judge, United States District Court for the Southern District of Florida

Middleton, John P., Plaintiff-Appellant

Minchin, Eugene B., Counsel for Defendants-Appellees The Hollywood Reporter, LLC and Gary Baum

Pesant, Bibiana, Counsel for Plaintiff-Appellant

Phillips, Candace A., Counsel for Defendant-Appellee Roy Lee

Rhow, Ekwan E., Counsel for Defendant-Appellee Roy Lee

Salzano, Frank, Counsel for Plaintiff-Appellant

Salzano Ettinger Lampert & Wilson, LLP, Counsel for Plaintiff-Appellant

The Hollywood Reporter, LLC, Defendant-Appellee

Timmann, Shannon, Former Counsel for Plaintiff-Appellant

Williamson, Brady, Counsel for Plaintiff-Appellant

## <u>Corporate Disclosure Statement</u>

Plaintiff-Appellant John P. Middleton is an individual, and thus is not a publicly traded company, has no parent company, and there is no publicly held corporation that owns 10% or more of Plaintiff-Appellant's stock.

November 17, 2023                    Respectfully submitted,

**LALCHANDANI SIMON PL**          **SALZANO ETTINGER**
Kubs Lalchandani, Esq.            **LAMPERT & WILSON,**
Daniel E. Davis, Esq.             **LLP**
Bibiana Pesant, Esq.              Brady Williamson, Esq.
25 S.E. 2nd Avenue, Suite 1020    104 W 40th Street, 14th Floor
Miami, Florida 33131              New York, New York
Tel: (305) 999-5291              Tel: (212) 375-6746
Fax: (305) 671-9282              Fax: (646) 365-3119
*kubs@lslawpl.com*                *bwilliamson@selwlaw.com*
*ddavis@lslawpl.com*
*bibiana@lslawpl.com*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellant respectfully requests oral argument. At the core of this appeal is the State of Florida's interests in maintaining jurisdiction over claims brought by its citizens to recover for harm suffered within the State, and the principles of fairness underlying the strong preference of courts in this Judicial Circuit to decide cases on the merits whenever reasonably possible. The opportunity to answer any questions posed by the panel will assuredly assist the Court in making a determination as to the issues raised herein.

## CERTIFICATE OF TYPE SIZE AND STYLE

This Brief has been prepared using 14.0 Times New Roman print.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT.................................................................. 2

STATEMENT REGARDING ORAL ARGUMENT ............................................. I

CERTIFICATE OF TYPE SIZE AND STYLE...................................................... II

TABLE OF CONTENTS ....................................................................................... II

TABLE OF AUTHORITIES................................................................................ IV

STATEMENT OF SUBJECT MATTER AND APELLATE JURISDICTION.... VI

STATEMENT OF THE ISSUES ......................................................................... VII

STATEMENT OF THE CASE ............................................................................... 1
A. Factual Background.......................................................................................... 1
B. Procedural History ........................................................................................... 3
C. Rulings for Review .......................................................................................... 6
D. Standard of Review .......................................................................................... 6

ARGUMENT ......................................................................................................... 7

I.   THE DISTRICT COURT ERRED IN DISMISSING MIDDLETON'S COMPLAINT BASED UPON DEFAULT............................................................. 7

II.   THE DISTRICT COURT ERRED IN CONCLUDING THAT CALIFORNIA'S STATUTE OF LIMITATIONS GOVERNS UNDER THE MOST SIGNIFICANT RELATIONSHIP TEST ................................................................................... 10
A.   Where the Injury Occurred............................................................................ 12
B.   Where the Conduct Causing the Injury Occurred ........................................ 13
C.   Location of the parties................................................................................... 14
D.   The relationship of the parties...................................................................... 15

III. THE DISTRICT COURT ERRED IN DENYING MIDDLETON'S MOTION FOR LEAVE TO AMEND THE COMPLAINT ................................................... 16

CONCLUSION ................................................................................................. 17

CERTIFICATE OF COMPLIANCE ..................................................................... 17

CERTIFICATE OF SERVICE.............................................................................. 18

# TABLE OF AUTHORITIES

## CASES

*Bates v. Cook, Inc*., 509 So. 2d 1112 (Fla. 1987).................................................. 21

Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333 (11th Cir.2005) ............. 18

*Celotex Corp. v. Meehan*, 523 So. 2d 141 (Fla. 1988).......................................... 21

*Collins v. Lake Helen, L.P.*, 249 F. App'x 116 (11th Cir. 2007) ...................... 18, 20

*Foman v. Davis*, 371 U.S. 178 (1962).................................................................... 26

*Goforth v. Owens*, 766 F.2d 1533 (11th Cir.1985)................................................. 18

*Gratton v. Great Am. Commc'ns*, 178 F.3d 1373 (11th Cir. 1999) ................. 17, 18

*Jaisinghani*, 973 F. Supp. 1450 (S.D. Fla. 1997), *aff'd sub nom. Jaisinghani v. Cap. Cities/ABC*, 149 F.3d 1195 (11th Cir. 1998)........................................................... 24

*MOTDGD Ltd. v. Playwire, LLC*, No. 0:20-CV-60199-WPD, 2020 WL 5763464 (S.D. Fla. Aug. 26, 2020) ...................................................................................... 26

*Nix v. ESPN, Inc.*, 772 F. App'x 807 (11th Cir. 2019) ..................................... 17, 22

*Perez v. Wells Fargo N.A.*, 774 F.3d 1329  (11th Cir. 2014) ................................. 17

## STATUTES

28 U.S.C. § 1291 ................................................................................................... 10

28 U.S.C. § 1332 ..................................................................................................... 9

Fla. Stat. § 48.193................................................................................................. 10

Fla. Stat. § 95.10................................................................................................... 21

**RULES**

Fed. R. Civ. P. 41(b) ............................................................................ 16, 17

Fed. R. Civ. P. 15(a)(2) ............................................................................ 26

## STATEMENT OF SUBJECT MATTER AND APELLATE JURISDICTION

Plaintiff-Appellant John P. Middleton ("Middleton") brought the underlying lawsuit on June 24, 2022, asserting claims for defamation, trade libel and intentional infliction of emotional distress against each of the Defendants-Appellees: Roy Lee ("Lee"), Gary Baum ("Baum") and The Hollywood Reporter ("THR")(collectively referred to herein as the "Defendants"), and an additional claim for breach of fiduciary duty solely against Lee. (Doc. 1).

Middleton's Complaint provides that the district court has subject matter jurisdiction over this case "under 28 U.S.C. § 1332," as there is complete diversity and an "amount in controversy … in excess of $75,000," exclusive of interest and costs. (*Id.*). Personal jurisdiction over each of the individual Defendants exists pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, because the "Defendants directed … tortious conduct towards a resident of Florida"—Middleton. (*Id.*).[1] This Court has jurisdiction over this action under 28 U.S.C. § 1291, as this appeal arises from the final decision of the United States District Court for the Southern District of Florida. (Doc. 77).

---

[1] Importantly, as it relates to this appeal, Middleton filed a Motion for Leave to File An Amended Complaint on April 24, 2023. (Doc. 63). In conjunction with that filing, Middleton also filed a Proposed Amended Complaint (the "PAC"), within which Middleton sought to "focus and narrow the issues in the case," while also "address[ing] and [rendering] moot" the alleged pleading deficiencies raised by Defendants in their Motions to Dismiss, through the inclusion of additional factual allegations regarding, among other things, the basis for the district court's jurisdiction. (Docs. 63, 63-1).

The district court dismissed Middleton's Complaint by default on August 10, 2023, stating that Middleton had failed to timely respond to Defendants' Motions to Dismiss, and also concluding that Middleton's defamation claim was barred by California's statute of limitations, which the district court found applicable because, according to the district court, California, not Florida, has "the most significant relationship" to this case. (*Id.*). Lastly, the district court denied Middleton's request for leave to amend, explaining that notwithstanding the new factual allegations Middleton intended to include the PAC, the court's conclusion was not altered. (*Id.*).

## STATEMENT OF THE ISSUES

I.     Whether the district court erred in dismissing Middleton's Complaint based upon default.

II.     Whether the district court erred in concluding that Florida's borrowing statute required application of California's statute of limitations, under which Middleton's defamation claims were barred .

III.     Whether the district court erred in denying Middleton's request for leave to amend his Complaint, and concluding that any such amendment would ultimately be futile.

<u>**STATEMENT OF THE CASE**</u>

**A. Factual Background**

Plaintiff-Appellant John Middleton ("Middleton") has been a citizen and domiciliary of the State of Florida since 2018. (Doc. 1, Doc. 63; Doc. 63-1). Middleton also conducts business in the State of Florida, including as the minority owner of the Philadelphia Phillies, who have substantial operations in Florida due to the team's participation in spring training in Clearwater, Florida. (*Id.*).

From approximately 2010 to 2016, Middleton and Defendant-Appellee Roy Lee ("Lee") had a business relationship whereby they produced a number of popular motion pictures. (*Id.*). Middleton, in consideration of the personal relationship he and Lee had built, also assisted Lee with personal matters at times during those years, which included, among other things, loaning money to Lee to pay for his son's private school tuition. (*Id.*). Eventually, the parties' personal relationship soured, and their business relationship became untenable, such that Middleton ultimately initiated a lawsuit against Lee and his production companies in Los Angeles Superior Court on August 28, 2019, asserting claims for fraud and breach of contract, among others. (*Id.*).

In response to Middleton's commencement of the initial lawsuit, Lee became enraged and vindictive, and thus set out on a campaign to impugn Middleton's

character and destroy his personal and professional reputation. (*Id.*). Notably, this is not the first time Lee has used tactics practically identical to those used here as a means of discrediting individuals that he believed had wronged him, i.e., his "enemies." (*Id.*). Unfortunately, at least for Middleton, Lee had a pre-existing relationship with Baum, whose employer, THR, publishes and distributes news across the globe, in both print and digital format. (*Id.*). Lee utilized that relationship, and in concert with Baum and THR, caused the publication and wide-spread distribution of false and malicious claims about Middleton, by way of the article entitled *Allegations of Prostitution, Substance Abuse and Spying: Inside Hollywood's Nastiest Producer Feud* (the "Article"). (*Id.*).

Both prior and subsequent to the Article's publication, Middleton and his representatives provided Baum and THR with definitive evidence disproving the false statements made by Lee, as well as proof of Lee's admitted pattern of deceitfulness when acting to stifle and discredit his "enemies." Baum and THR, however, ignored those efforts. (*Id.*). Among a number of other false statements and implications made in the Article, the Article stated that Middleton had previously inquired about obtaining the services of a "sex worker," and that Middleton sought to engage in a campaign finance law violation. (*Id.*). Not only were Lee and Baum (and thus, THR) aware, at the time of the Article's release, that Middleton no longer

lived and worked in California, but Baum's investigative activities also led him to Florida in particular. (*Id.*).

The Article was ultimately published, distributed, made accessible, and accessed across the globe, including within Florida, both digitally and in print. (*Id.*). In particular, the online version of the Article, which was undoubtedly accessed and viewed by residents of Florida, actively encouraged readers to subscribe to THR's print edition, and have the Article delivered directly to their homes. (*Id.*). The Article's widespread publication of false and malicious statements pertaining to Middleton has caused and continues to cause Middleton significant personal and professional harm, the most acute of which has been suffered in his home state of Florida. (*Id.*).

## B. Procedural History

In an effort to remedy the harm he has suffered, Middleton commenced the underlying lawsuit on June 24, 2022, asserting causes of action for defamation, intentional infliction of emotional distress, and trade libel against each of the Defendants, and a breach of fiduciary duty claim against Lee. (Doc. 1). Each of the Defendants filed a separate Motion to Dismiss Middleton's Complaint on December 5, 2022. (Docs. 25, 27, 30). Instead of filing an opposition, Middleton's initial attorneys twice requested an extension of time to respond, before moving to

withdraw as Middleton's counsel approximately one month after the Defendants'

Motions to Dismiss were filed. (Docs. 31, 34). Without ruling on the requests for

extensions, the district court granted the withdrawal request on February 15, 2023,

and instructed Middleton to retain new counsel on or before March 13, 2023. (Doc.

39).

Middleton thereafter engaged new counsel, who first appeared in this case on

March 13, 2023, and within two weeks of their initial appearance, notified the district

court and the parties of Middleton's intent to file a motion for leave to amend the

Complaint filed by his prior counsel. (Doc. 41). A few days after that notice was

filed, on March 28, 2023, the district court entered a scheduling order, which

explicitly set out a deadline of July 28, 2023 for Middleton to "amend the

complaint." (Doc. 43). On April 24, 2023, well within the timeframe set by the

district court, Middleton filed his request for leave to amend, and within that motion,

responded to each of the arguments put forth by the Defendants in the Motions to

Dismiss. (Doc. 62). The Motion for Leave provided an in-depth explanation into

how the proposed amendment would not only narrow and streamline the issues and

claims in the case, but also sufficiently address and render moot the specific pleading

deficiencies alleged in Defendants' Motions to Dismiss. (*Id.*). Middleton's Proposed

Amended Complaint was attached as Exhibit A to the Motion for Leave. The district

court did not make a ruling on Middleton's Motion for Leave, but instead entered an

Order to Show Cause on June 20, 2023, giving Middleton until June 22, 2023 to

respond to Defendants' Motions to Dismiss, or otherwise show cause why the case

should not be dismissed by default. (Doc. 69). Middleton responded to the Order to

Show Cause on June 22, 2023 as required, urging the district court to permit the

amendment, and asking that the Motions to Dismiss, attacking Middleton's initial

complaint, be stayed or otherwise held in abeyance pending Middleton's

amendment. (Doc. 70).

Instead, the district court entered an Order on August 10, 2023, dismissing

Middleton's complaint based upon default. (Doc. 77). The sole issue raised by

Defendants in the Motions to Dismiss which was addressed by the district court in

the Order was the statute of limitations, and the district court concluded that

California's one-year statute of limitations for defamation claims, not Florida's two-

year period, was applicable based upon an assessment of the "most significant

relationship" test. (*Id.*). Accordingly, the district court reasoned that any attempt to

amend by Middleton would be futile, and denied Middleton's request for leave,

resulting in dismissal of the case. (*Id.*). Middleton timely noticed the instant appeal

on September 8, 2023. (Doc. 78).

## C. Rulings for Review

Middleton seeks review of the two decisions made by the District Court in its Order dismissing Middleton's Complaint: *first*, the District Court's incorrect conclusion that California has the most substantial relationship to Middleton's claims, and thus that California's one-year statute of limitations on defamation claims barred Middleton's cause of action; and *second*, the District Court's incorrect conclusion that permitting Middleton to amend his Complaint would be futile.

## D. Standard of Review

This Circuit reviews dismissals for default under Federal Rule of Civil Procedure ("FRCP") 41(b) under an abuse of discretion standard. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). And, the reviewing courts are instructed to overrule the district court, unless "there is a clear record of 'willful' contempt," plus an explicit or implicit finding by the district court that lesser sanctions would not suffice. *Id.* (internal citations omitted).

The granting of a motion to dismiss is otherwise reviewed de novo, with the reviewing court accepting the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Nix v. ESPN, Inc.*, 772 F. App'x 807, 809 (11th Cir. 2019). A choice of law determination is also reviewed de novo, with

the factual findings underpinning that determination reviewed under a clear error standard. *Id.* (internal citations omitted).

## **ARGUMENT**

### I.  **THE DISTRICT COURT ERRED IN DISMISSING MIDDLETON'S COMPLAINT BASED UPON DEFAULT**

This Court has a "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). In furtherance of that preference, this Court has long held that dismissal under FRCP 41(b) is only appropriate when (1) "there is a clear record of 'willful' contempt" by a party and (2) the district court "specifically finds that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d at 1374 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985))(reviewing dismissal under Rule 41)); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007)(quoting *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir.2005)).

Under the first prong, a clear pattern of delay on the part of a party must be evident from the district court's record. In *Gratton*, this Court specifically addressed the "harsh sanction of dismissal," emphasizing that "a court should be reluctant" to impose such a drastic penalty, especially under circumstances such as those in the instant case, "where the plaintiff is not actually

culpable." *Gratton*, 178 F.3d 1373 at 1375. Although the Eleventh Circuit in *Gratton*

ultimately upheld the dismissal, the Court reasoned that the plaintiff personally "bore

'substantial responsibility' for the delays, by his spoliation of evidence and

misidentification of a witness, among other things." *Id.* The Court also pointed to

two prior occasions where the district court "tried lesser sanctions, and found that

the[y] did not deter" the plaintiff from continuing to delay. *Id.*

Unlike the circumstances in *Gratton*, Middleton did not engage in any

behavior here which could possibly be construed as willful contempt, or otherwise

act in a manner to delay these proceedings in any way. Defendants' Motions to

Dismiss were filed on December 5, 2022, and Middleton's counsel at that time

responded by filing two motions requesting an extension of time to respond. (Docs.

25, 27, 30, 31). Less than two weeks after filing the second of those extension

requestion, Middleton's counsel moved to withdraw, which the district court granted

on February 15, 2023. (Docs. 38-39). The district court instructed Middleton to

retain new counsel by March 13, 2023, which Middleton did. (Doc. 40). On March

24, 2023, less than two weeks after first appearing in the case, Middleton's new

attorneys filed a notice of intent to request leave to amend the Complaint filed by

predecessor counsel. (Doc. 41).

On a few days later, the district court entered a scheduling order, in which the deadline for motions for leave to amend was set for July 28, 2023. (Doc. 43). Middleton filed his Motion for Leave to Amend on April 24, 2023, well within the time period provided by the district court. (Docs. 62-63). Without ever ruling on the Motion for Leave to Amend, the district court next entered an Order to Show Cause on June 20, 2023, in which it instructed Middleton to respond to Defendants' Motions to Dismiss within two (2) days, by June 22, 2023, or otherwise show cause why Defendants' Motions to Dismiss should not be granted by default. (Doc. 69). Middleton responded to the Order to Show Cause on the specified date, explaining that the arguments made in Defendants' Motions to Dismiss were not only addressed in Middleton's previous Motion for Leave to Amend, but that any alleged pleading deficiencies in the Complaint drafted and filed by Middleton's prior counsel could be and would be resolved by way of the requested amendment. (Doc. 70). The district court seemingly disregarded the motion, and on August 10, 2023, entered the Order dismissing Middleton's Complaint which is addressed herein. (Doc. 77).

Notwithstanding the foregoing circumstances, which, contrary to the district court's findings, does not amount to willful contempt nor a clear pattern of delay by Middleton, within the Order dismissing Middleton's Complaint, the district court neither explicitly, nor implicitly, addressed the second prong of the analysis, i.e., the

possibility of less severe sanctions being able to adequately address the issue at hand. (Doc. 77). As this Court concluded in *Collins v. Lake Helen, L.P.*, "the second prong of our two-pronged test for dismissing a case for want of prosecution" is not satisfied unless the district court has "considered other sanctions and found them inadequate." *Collins*, 249 F. App'x 116 at 121–22. ("However, despite the inexcusable behavior by counsel for Collins, there is nothing in the magistrate judge's report indicating that he considered other sanctions and found them inadequate to address the problem at hand. Therefore, the second prong of our two-pronged test for dismissing a case for want of prosecution has not been satisfied.").

In short, Middleton has not actively delayed this matter, and has certainly not engaged in a pattern of willful contempt such that the harsh penalty of dismissal is warranted. Even if the first prong of the test were satisfied, however, the second prong of the test has, unequivocally, not been satisfied here. Thus, like in *Collins*, the district court's dismissal of Middleton's Complaint must be vacated, and this case remanded for further proceedings.

## II.   THE DISTRICT COURT ERRED IN CONCLUDING THAT CALIFORNIA'S STATUTE OF LIMITATIONS GOVERNS UNDER THE MOST SIGNIFICANT RELATIONSHIP TEST

The district court applied Florida's borrowing statute, which states that "[w]hen the cause of action arose in another state or territory of the United States,

or in a foreign country, and its laws forbid the maintenance of the action because of

lapse of time, no action shall be maintained in this state." Fla. Stat. § 95.10. In

determining whether the law of another state applies to a case commenced in Florida,

courts are to apply the "significant relationship" test, which provides that "all

substantive issues should be determined in accordance with the law of the state

having the most significant relationship to the occurrence of the parties." *Bates v.*

*Cook, Inc.*, 509 So. 2d 1112, 1114 (Fla. 1987). The factors courts are instructed to

use in determining  the issue are: (a) the place where the injury occurred; (b) the

place where the conduct causing the injury occurred, (c) the domicile, residence,

nationality, place of incorporation and place of business of the parties, and (d) the

place where the relationship between the parties is centered. *Celotex Corp. v.*

*Meehan*, 523 So. 2d 141, 144 (Fla. 1988)(internal citations omitted). Importantly, as

the district court noted, the purpose of Florida's borrowing statute is to discourage

forum shopping, and the filing of lawsuits in Florida that have already been barred

in the jurisdiction where the cause of action arose. (*See* Doc. 77).  Here, the district

court incorrectly applied the relevant factors, and incorrectly found California to be

the forum with the most significant relationship to this action. (*Id.*).

### A. Where the Injury Occurred

Based upon Middleton's allegations in the Complaint, as well as those factual allegations sought to be added as part of the PAC, which the district court is required to accept as true, it is clear that this first and most important factor weighs heavily in favor of Florida. When defamatory information is published, distributed, and accessed in more than one state, as the Article here indisputably was, the "state of most significant relationship … will usually be the state where the plaintiff was domiciled or had its principal place of business at the time" of the statements being published. *Nix v. ESPN, Inc.*, 772 F. App'x at 809–10 (internal citations omitted).

In the initial iteration of the Complaint, Middleton alleged that he was domiciled in Florida; that the Defendants directed their tortious conduct into Florida where Middleton was domiciled at the time of the Article's publication; and that the Article had been published and distributed across the county, including in  Florida, which caused "great harm to [him] by grievously damaging his reputation in the entertainment industry where he works as a motion picture and television producer." (Doc. 1). In the Proposed Amended Complaint, Middleton sought to add additional factual allegations regarding his presence in, and connections to, Florida, as well as a number of factual allegations pertaining to the Article's dissemination and accessibility to residents of Florida. (Doc. 63).  Had the district court correctly

applied the motion to dismiss standard, or granted Middleton's Motion for Leave to Amend, the district court would have ultimately concluded that the first substantial relationship factor weighed in favor of applying Florida's statute of limitations for defamation, under which Middleton's cause of action for defamation would have been timely filed.

## B. Where the Conduct Causing the Injury Occurred

Most of the conduct causing the injuries to Middleton, as the district court concluded, occurred in California. However, additional circumstances existed here that distinguish this case from other, similar cases in which the plaintiff's argument is premised solely on the Article being published, distributed, accessible, and indeed accessed in the state where the lawsuit was commenced. (*See e.g.,* Doc. 77 at n. 2). Specifically, it must also be taken into consideration that Baum and Lee were knew, prior to the Article being published, that Middleton no longer resided and worked in California, and that despite claiming to have not known where exactly Middleton was residing at that time, Baum, likely at Lee's urging, actively sought out and communicated with at least one resident of the State of Florida as part of his investigation into the false claims made about Middleton. Significant aspects of the conduct leading to Middleton's injury, in addition to the location of the harm itself,

weigh in favor of Florida, or at minimum, in favor of affording this factor limited weight.

### C. Location of the parties

The most important aspect of this factor is the domicile of the parties. Here, Middleton has alleged that he has been domiciled in Florida since 2018, having personally moved away from California and relocated his business outside of California in 2016. (Doc. 63-1). The Defendants all reside or have a business location in the State of California, but THR, Baum's employer, is actually incorporated and has affiliates located in the State of Delaware.

In *Jaisinghani v. Cap. Cities/ABC, Inc*., this Court addressed a similar set of facts, in which the author of the allegedly defamatory material and the author's employer were located in a state other than the state in which the plaintiff was domiciled. *Jaisinghani*, 973 F. Supp. 1450, 1453 (S.D. Fla. 1997), *aff'd sub nom*. *Jaisinghani v. Cap. Cities/ABC*, 149 F.3d 1195 (11th Cir. 1998). The court there explained that under those circumstances the dispositive issue then becomes the "Plaintiff's domicile, residence, and place of business." *Id.* Here, unlike *Jaisinghani*, Middleton resides and is domiciled in Florida, and maintains his principal place of business in Nevada. (Docs. 1, 63, 63-1). In fact, at the time the Article was published, Middleton had effectively cut all ties with California, aside from those still lingering

due to his ongoing legal battle with Lee. This factor should therefore weigh in favor of Florida law governing, or should carry little weight under the present circumstances.

### D. The relationship of the parties

In finding that the fourth factor weighed in favor of California law, the district court compared the instant case to *Michel v. NYP Holdings, Inc.*, a case in which the court found that the article was published in New York, regarding an event that took place in New York, and allegedly caused harm to the plaintiff's business interests in New York. (*See* Doc. 77). Because the above ties to New York were undisputed and apparent from the face of the plaintiff's complaint, the fact that the plaintiff was domiciled in Florida, the Court stated, was "of little relative importance." *See Id.*

For the reasons explained herein, this case is easily distinguishable from *Michel*. In particular, the Article here was not just published in California, but published, distributed, accessible, and accessed by citizens of states across the country, and specifically within Florida. Moreover, the factual occurrences (albeit false) which were referenced in the Article, did not occur solely in California, nor was Middleton's harm limited to his business interests in California. As alleged, Middleton is a domiciliary of Florida, who suffered the most acute and significant harm from the Article in the State of Florida. Simply because the relationship

between Middleton and Lee began in California does not, standing alone, warrant a finding that this factor weighs in favor of California law.

## III.   THE DISTRICT COURT ERRED IN DENYING MIDDLETON'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Under FRCP 15(a)(2), the court should freely give leave to amend "when justice so requires." *MOTDGD Ltd. v. Playwire, LLC*, No. 0:20-CV-60199-WPD, 2020 WL 5763464, at *1 (S.D. Fla. Aug. 26, 2020)(quoting Fed. R. Civ. P. 15(a)(2)). Essentially, absent any apparent or declared reason—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

First and foremost, at no point throughout these proceedings has Middleton been responsible, in whole or in part, for any delay. In actuality, Middleton complied with all deadlines set by this Court in a timely manner, and relied on his attorneys suggested approach in seeking leave to amend in lieu of a formal opposition to Defendants' Motions to Dismiss. And, as explained in the motion for leave to amend, which also addressed each of the arguments made by the Defendants in their Motions, the factual allegations Middleton sought to include in his Proposed

Complaint would have effectively rendered each of the pleading deficiencies outlined by Defendants moot. Notwithstanding, considering the fact that this case was in the early stages of discovery at the time it was dismissed, no prejudice whatsoever could be claimed by the Defendants by the district court's allowing Middleton to amend his Complaint upon bringing on new counsel. In short, there is no reasonable basis upon which the district court's denial of Middleton's request to amend his Complaint should have been denied. The finding constitutes clear error, and this Court should vacate the district court's findings, and permit Middleton to file the Proposed Amended Complaint contained in the district court record.

## CONCLUSION

For the foregoing reasons, Middleton respectfully requests that the Order dismissing the Complaint be vacated in its entirety, and further, that this case be remanded to the district court where Middleton should be afforded the opportunity to amend his Complaint.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). This Brief is comprised of 3,819 words, from the Statement of the Issues Section to and including the Conclusion.

## <u>CERTIFICATE OF SERVICE</u>

I, Brady Williamson, do hereby certify that a copy of the foregoing Plaintiff-Appellant's Initial Brief was sent to all counsel for Defendants-Appellees listed below by electronically mailing the same on November 17, 2023.

SHULLMAN FUGATE PLLC
Rachel E. Fugate, Esq.
*rfugate@shullmanfugate.com*
Allison S. Lovelady, Esq.
*alovelady@shullmanfugate.com*
Minch Minchin, Esq.
*mminchin@shullmanfugate.com*
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
*Counsel for Defendants-Appellees The*
*Hollywood Reporter, LLC and Gary Baum*

KIM VAUGHAN LERNER LLP
Jay Kim, Esq.
*jkim@kvllaw.com*
Candace Alexandra Phillips, Esq.
*cphillips@kvllaw.com*
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
*Counsel for Defendant-Appellee Roy Lee*

BIRD MARELLA PC
Jumin Lee, Esq.
*clee@birdmarella.com*
Ekwan E. Rhow
*erhow@birdmarella.com*
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
*Counsel for Defendant-Appellee Roy Lee*